IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02342-RPM

LAWRENCE H. THOMPSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____

ORDER OF DISMISSAL
_____

      On November 21, 2006, Lawrence H. Thompson, by counsel, filed a Petition to Quash Internal Revenue Service Summons under IRC § 7609, alleging that the Internal Revenue Service ("IRS") has issued some 40 administrative summonses to third party record holders located in 14 judicial districts.  The only summons served within this district is to the Diners Club in Englewood, Colorado.  The petitioner alleged that he has filed this same petition in the other 13 districts, including the Northern District of Texas and the petitioner requested transfer of this matter to that district.  On January 22, 2007, the respondent filed a motion to dismiss for lack of subject matter jurisdiction, improper venue, and mootness.  Attached to the motion to dismiss is a declaration of attorney Karen L. Pound enclosing letters from Revenue Agent Paul R. Shipley withdrawing the summons to the Diners Club and the other third-party record keepers, saying that notice provisions were not properly followed.  On January 26, 2007, the petitioner filed his response to that motion together with a motion for consolidation under Fed.R.Civ.P. 42(a), asking consolidation with the petition pending in the Northern District of Texas.  In his opposition

to dismissal, the petitioner notes that Revenue Agent Shipley indicates that there is a plan to re-serve the summons.  The petitioner also asserts that this Court should retain jurisdiction in this matter for an award of costs and fees under 26 U.S.C. § 7430.  The Government replied to the motion for consolidation on January 31, 2007, and a reply to the petitioner's response on Feburary 2, 2007.

Because venue for a petition to quash an IRS summons lies in the judicial district in which the third party record keeper is found, only the summons served on the Diners Club was properly filed in this court.  There is no basis for a transfer of this petition for consolidation with those pending in the Northern District of Texas.  The motion to consolidate is denied.  The withdrawal of the summons to the Diners Club was not until after the filing of this and the other petitions.  It appears that this petition and the others were the motivating factors in causing the withdrawal.  The issue is now moot and while there may be an arguable basis for considering the petitioner to be a prevailing party under IRC § 7430, proceeding with this case for that limited purpose on only one of the 40 served summonses for the limited purpose of separating out whatever costs may be attributable to this action would be *de minimus* and could well be considered in the Northern District of Texas or any other court which determines to proceed for that limited purpose.  It is therefore

ORDERED that this civil action is dismissed as moot.

DATED:  February 5th, 2007

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        Richard P. Matsch, Senior Judge